**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

OMAR TORRES,                          :
GDC No. 982625,                       :        PRISONER HABEAS CORPUS
    Petitioner,               :        28 U.S.C. § 2254
                              :
    v.                        :        CIVIL ACTION NO.
                              :        1:13-CV-3593-TWT-JSA
TOM GRAMIAK,                          :
    Respondent.               :

## MAGISTRATE JUDGE'S ORDER AND FINAL REPORT AND RECOMMENDATION

Petitioner Omar Torres seeks via 28 U.S.C. § 2254 to challenge the constitutionality of his convictions and sentences pursuant to a bench trial in the Gwinnett County Superior Court. The matter is presently before the Court on the petition [Doc. 1] and answer-response with brief and accompanying exhibits [Docs. 4, 5].

I.      Procedural History

On June 22, 2005, a Gwinnett County grand jury indicted Petitioner for one count of rape and one count of aggravated sexual battery. (Doc. 5, Attach. 9 at 1-2).[1] After Petitioner waived his right to a jury trial, the trial court found him guilty

_____

[1] All documents are referenced according to the attachment number and page numbers given by the Adobe File Reader linked to the Court's case file database ("CM/ECF").

of rape on January 30, 2007, and entered a nolle prosequi on the aggravated sexual battery count.  (*Id.* at 32-33).  The trial court sentenced Petitioner to twenty years to serve fifteen.  (*Id.* at 34-35).

Petitioner's trial counsel filed a general motion for new trial on February 21, 2007.  (*Id.* at 36).  On August 30, 2007, the trial court appointed new counsel for Petitioner, who represented Petitioner at the motion for new trial hearing and on appeal.  (*Id.* at 46; Doc. 5, Attach. 8 at 42-50; Doc. 5, Attach. 12 at 8).  On direct appeal Petitioner raised the sole issue that there was insufficient evidence to convict him.  (Doc. 5, Attach. 8 at 46).  The Georgia Court of Appeals affirmed Petitioner's conviction and sentence on June 26, 2008.  (*Id.* at 39-41).

On September 8, 2008, Petitioner filed a state habeas corpus petition and subsequently filed an amended petition in the Chattooga County Superior Court. (Doc. 5, Attachs. 1, 2).  In the amended petition, Petitioner raised the following grounds for relief:[2]

---

[2] Because Petitioner indicated in the amended petition and during the state habeas hearing that he no longer wanted to raise the issues in the original petition, the state habeas court only discussed those claims in the amended petition and orally raised by Petitioner at the hearing.  (Doc. 5, Attach. 2; Doc. 5, Attach. 3 at 2).

(1)    Petitioner received ineffective assistance of appellate counsel because appellate counsel failed to:

    (a)    investigate the case;

    (b)    file an amendment to the motion for new trial filed by trial counsel;

    (c)    preserve any ineffective assistance of trial counsel claims for appeal;

    (d)    raise any ineffective assistance of trial counsel claims on appeal; and

    (e)    adequately argue any issues on appeal other than sufficiency of the evidence;

(2)    Petitioner received ineffective assistance of trial counsel because trial counsel failed to:

    (a)    investigate witnesses;

    (b)    petition the court for funds for expert witnesses;

    (c)    "ensure [the] petitioner knew what it meant to go to a jury trial;" and

    (d)    explain the pros and cons of a jury and bench trial; and

(3)    Petitioner did not knowingly and voluntarily waive his right to a jury trial.

(Doc. 5, Attach. 3 at 2).

3

That petition was transferred to Dooly County, where, following an evidentiary hearing on January 10, 2012, the court denied the petition on January 19, 2012.  (Doc. 5, Attach. 3, Attach. 8 at 1-38).  The Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal that denial on February 18, 2013, and denied his motion for reconsideration on March 18, 2013.  (Doc. 5, Attachs. 5, 6).

Petitioner executed this federal habeas petition on September 13, 2013, and raises the following grounds for relief:[3]

(1)   Petitioner received ineffective assistance of appellate counsel because appellate counsel failed to:

    (a)   investigate the case;

    (b)   file an amendment to the motion for new trial;

    (c)   preserve any ineffective assistance of trial counsel claims for direct appeal;

    (d)   raise any ineffective assistance of trial counsel claims on appeal;

    (e)   argue any grounds on sufficiency of the evidence; and

---

[3] For ease of reference and discussion, this Court has re-enumerated Petitioner's claims and will refer to the re-enumerated grounds in this report and recommendation.

4

(f) present any evidence to substantiate the sufficiency of the evidence ground; and

(2) Petitioner received ineffective assistance of trial counsel because trial counsel failed to explain the pros and cons between a jury and bench trial;

(3) Petitioner's due process rights were violated when the translator failed to explain the pros and cons between a jury and bench trial; and

(4) the trial court failed to properly inform Petitioner about the differences between a jury and bench trial.

(Doc. 1).

II. Discussion

    A. Claims Reviewed On The Merits

        1. Standard of Review

Under 28 U.S.C. § 2254, a federal court may issue a writ of habeas corpus on behalf of a person being held in custody pursuant to a judgment of a state court if that person is held in violation of his rights under federal law. 28 U.S.C. § 2254(a); *Cullen v. Pinholster*, __ U.S. __, 131 S. Ct. at 1388, 1398 (2011). This power, however, is limited. *See Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010) (stating that Section 2254 "constrains our review of legal questions decided on the merits in state court").

5

A federal court may not grant habeas corpus relief for claims previously adjudicated on the merits by a state court unless the state court adjudication resulted in a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(b); *see Berghuis v. Thompkins*, 560 U.S. 370, 380 (2010); *Johnson v. Upton*, 615 F.3d 1318, 1329 (11th Cir. 2010). "This is a 'difficult to meet,' . . . and 'highly deferential standard for evaluating state-court rulings, which demands that state court decisions be given the benefit of the doubt[.]'" *Cullen*, 131 S. Ct. at 1398 (citations omitted); *see also Renico v. Lett*, 559 U.S. 766, 773 (2010).

In applying 28 U.S.C. § 2254(d), a federal habeas court must first determine the applicable "clearly established Federal law," based on "the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 404-05, 412 (2000). Next, the Court must ascertain whether the state court decision is "contrary to" that clearly established federal law by determining if it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or

"confronts a set of facts that are materially indistinguishable" from relevant Supreme Court precedent and arrives at an opposite result. *Id.* at 405-06; *see also Windom v. Secretary, Dep't of Corr.*, 578 F.3d 1227, 1247 (11th Cir. 2009).

If the Court determines that the state court decision is not contrary to clearly established federal law, the Court must decide whether the state court decision was an "unreasonable application" of clearly established federal law by concluding whether the state court identified the correct governing legal principle from the Supreme Court's decisions, but unreasonably applied that principle to the facts of the petitioner's case. *Williams*, 529 U.S. at 412; *Windom*, 578 F.3d at 1247. This reasonableness determination is objective, and the Court may not issue a federal writ of habeas corpus simply because it concludes in its independent judgment that the state court was erroneous or incorrect. *Williams*, 529 U.S. at 411; *see also Woodford v. Visciotti*, 537 U.S. 19, 24 (2002); *Valle v. Secretary for Dep't of Corr.*, 478 F.3d 1326, 1327 (11th Cir. 2007) (en banc). In other words, it does not matter that the state court's application of clearly established federal law was incorrect, so long as that misapplication was objectively reasonable. *See Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 785 (2011) ("For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an

7

incorrect application of federal law.") (quotations omitted); *accord*, *Woodford*, 537 U.S. at 26; *Williams*, 529 U.S. at 411; *McIntyre v. Williams*, 216 F.3d 1254, 1257 n.4 (11th Cir. 2000).

Likewise, "a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). When performing its review under § 2254(d), the Court must presume that the state court's determination of factual issues is correct unless the petitioner presents clear and convincing evidence that the state court determinations were erroneous. 28 U.S.C. § 2254(e)(1); *Windom*, 578 F.3d at 1247.

2. Petitioner Has Failed To Demonstrate Ineffective Assistance of Appellate Counsel.

a. Ineffective Assistance Of Counsel Standard

The standard for evaluating ineffective assistance of counsel claims was set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Green v. Nelson*, 595 F.3d 1245, 1239 (11th Cir. 2010). "An ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient,

8

and that the deficiency prejudiced the defense." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (citing *Strickland*, 466 U.S. at 687).  To establish deficiency, a petitioner is required to establish that "counsel's representation 'fell below an objective standard of reasonableness.'" *Wiggins*, 539 U.S. at 521 (quoting *Strickland*, 466 U.S. at 688)).  To establish prejudice, a petitioner must prove a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *Allen v. Secretary, Fla. Dep't of Corr.*, 611 F.3d 740, 750 (11th Cir. 2010).  To establish prejudice in the context of a guilty plea, Petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors," he would not have entered a guilty plea and would have insisted on going to trial.  *Strickland*, 466 U.S. at 694; *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Allen*, 611 F.3d at 762.  The court may "dispose of [the] ineffectiveness [claim] on either of its two grounds."  *Atkins v. Singletary*, 965 F. 2d 952, 959 (11th Cir. 1992); *see Strickland*, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one.").

9

The *Strickland* standard also applies to claims of ineffective assistance of counsel on appeal. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Temple v. Morton*, No. 06-15061, 2007 WL 2141823, at *2 (11th Cir. July 27, 2007). To succeed on a claim of ineffective assistance of appellate counsel, as on a claim of ineffective assistance of trial counsel, a petitioner must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. A petitioner does not have a right to have every possible argument raised on appeal, and it is up to appellate counsel to "'winnow out' weaker arguments." *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983). Finally, appellate counsel is not ineffective for failing to raise a frivolous argument on appeal. *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992).

b.   The State Habeas Court's Decision As To Grounds 1(a),
     1(b), 1(c), 1(d) and 1(f) Is Entitled To Deference.

Petitioner claims in Grounds 1(a) through 1(d) and 1(f) that he received ineffective assistance of appellate counsel because appellate counsel failed to: investigate the case; file an amendment to trial counsel's motion for a new trial; preserve any ineffective assistance of trial counsel claims for appeal; raise any ineffective assistance of trial counsel claims on appeal; and/or present any

10

evidence to substantiate his sufficiency of the evidence claim.  The state habeas

court reviewed all of these ineffective assistance of appellate counsel claims and

made the following findings of fact:

> On January 30, 2007, the Honorable K. Dawson Jackson found the petitioner guilty of rape at a bench trial in Gwinnett County, and sentenced the petitioner to twenty (20) years, serve fifteen (15). (Resp. Ex. 4 ).  The petitioner was represented before and during trial by attorney John Burdges (Resp. Ex. 3); (Resp. Ex. 4).  The petitioner filed a Motion for New Trial on February 21, 2007 (Resp. Ex. 3, pg. 47-48), with the Motion heard on October 12, 2007 (Resp. Ex. 5), and the Motion denied on October 16, 2007 (Resp. Ex. 3, pg. 65).  The case was appealed, and the petitioner's judgment was affirmed by the Court of Appeals of Georgia.  *Torres v. State,* No. A08A0746 (Ga. App. June 26, 2008).  The petitioner was represented at the Motion for New Trial and on appeal by attorney Lucas Harsh. *Id;* (Resp. Ex. 2); (Resp. Ex. 5).
>
> Attorney Harsh appeared at the January 10, 2012, evidentiary hearing, and testified as to his legal experience and involvement in the petitioner's case.  He testified that he graduated law school in 2000 and soon thereafter became a member of the Georgia Bar. He testified that he was in private practice with a small firm for about two years, and has since been a solo practitioner.  He testified that his practice is currently eighty to ninety percent (80-90%) criminal. He testified that by the time of his representation of the petitioner, he had handled approximately fifteen (15) criminal trials, fifteen to twenty-five (15-25) criminal appeals, and thousands of guilty pleas.
>
> * * *
>
> Attorney Harsh testified that he was appointed to handle the petitioner's appeal.  He testified that he interviewed the trial attorney

11

and obtained the trial attorney's complete file.  He testified that he met with the petitioner at least four times before filing the appeal.  He testified that he inquired if the petitioner had any problems with trial counsel, but the petitioner said no.  He testified that the only issue identified by the petitioner was that the evidence was not accurate due to the witness lying.  He testified that the sufficiency of the evidence ultimately was the strongest issue, and he argued it.  He testified that he raised the most meritorious issue on appeal.

In regards to the voluntary and knowing nature of the petitioner's waiver of a jury trial, Attorney Harsh testified that the issue was initially a concern for him.  He testified that he spoke with the petitioner about the issue on multiple occasions (almost every time with the assistance of an interpreter).  He testified that each time it was discussed the petitioner asserted that he spoke with trial counsel about the waiver and that it had been explained by trial counsel.  He testified that the petitioner also stated that he was from Texas and spoke English.

(Doc. 5, Attach. 3 at 2-5).   The state habeas court then applied *Strickland* to the facts, found that appellate counsel was not ineffective because "appellate counsel was communicative with the petitioner (in both English and Spanish), made reasonable efforts to discern potential issues for appeal, and proceeded to challenge the issue he thought to be the most meritorious," (*Id.* at 5), and therefore Petitioner failed to demonstrate both *Strickland* prongs.  (*Id.* at 5-6).  Petitioner has not demonstrated that this decision was contrary to or involved an unreasonable application of, Supreme Court precedent or "was based on an unreasonable

12

determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see Berghuis*, 130 S. Ct. at 2259; *Johnson*, 615 F.3d at 1329.

The state habeas court's findings of fact are presumed to be correct, because Petitioner has not demonstrated otherwise with clear and convincing evidence. *See* 28 U.S.C. § 2254(e); *Windom v. Secretary of Dep't of Corr.*, 578 F.3d 1227, 1248 (11th Cir. 2009). Thus, this Court must accept as true the state habeas court's factual findings that appellate counsel was communicative with Petitioner in both English and Spanish, made reasonable efforts to discern potential issues for appeal, and proceeded to challenge the issue he thought to be most meritorious. Petitioner therefore has failed to demonstrate that appellate counsel was ineffective. Consequently the state habeas court's finding was neither contrary to, nor an unreasonable application of, *Strickland* nor was an unreasonable determination of the facts, and accordingly, Petitioner is not entitled to relief in connection with Grounds 1(a) through 1(d) and 1(f).

13

2.      The State Habeas Court's Decision That Petitioner
Knowingly Waived His Right To A Jury Trial Was Not
Unreasonable.

Petitioner claims in Grounds 3 and 4 that his due process rights were violated because the translator and the trial court failed to explain the "pros and cons" of a jury trial versus a bench trial.  In his amended state habeas petition, Petitioner also argued that he did not knowingly and voluntarily waive his right to a jury trial.  The state habeas court reviewed all three claims and found that "the record expressly shows that the petitioner was *thoroughly* explained his rights to a jury trial" and "the significant differences between a jury trial and a bench trial," and that Petitioner did not contradict or dispute counsel's clear assertion on the record that he did, in fact, have a discussion with Petitioner about the pros and cons of the two styles of trial.  (Doc. 5, Attach. 3 at 13).  The habeas court also found that there was no evidence in the transcript to support Petitioner's claim that the translator did not fully relay everything to Petitioner; moreover, the transcript did not show Petitioner making any complaints throughout the colloquy about the alleged lax translating and/or that Petitioner could not understand what was being translated to him.  (*Id.* at 13-14).  Petitioner merely restates these claims; however, he does not demonstrate that the state habeas court's decision that the claims had

14

no merit was "contrary to or involved an unreasonable application of, Supreme Court precedent or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."   28 U.S.C. § 2254(d); *see Berghuis*, 130 S. Ct. at 2259; *Johnson*, 615 F.3d at 1329.

The record does, in fact, support the state habeas court's decision.  First, over a period of two days, the trial court engaged in an extensive colloquy – which occupies ten pages of the transcript – with Petitioner, aided by a sworn interpreter, and Petitioner's counsel on the precise issue of whether he knowingly was waiving his right to a jury trial.  (Doc. 5, Attach. 10 at 8-17).  During that colloquy Petitioner stated that he understood that if he waived a jury trial the judge would be the person to decide who to believe in his case instead of twelve jurors, and that he wanted to have a bench trial instead of a jury trial.  (*Id.*).  Petitioner's counsel also stated he had explained to Petitioner the difference between a bench and jury trial and the pros and cons of both, and after that conversation Petitioner directed counsel to advise the Court that he would like to go forward with a bench trial. (*Id.* at 11-12).  After counsel spoke, Petitioner then told the Court that he understood counsel's statement and that he had no questions or anything further he wanted to say about his decision.  (*Id.* at 11-12).  The next day before the trial

15

started, the Court asked if Petitioner if he still wished to waive his right to a jury trial, Petitioner answered "I am waiving it," and counsel stated that he again had confirmed Petitioner's wish to waive a jury trial. (*Id.* at 16). Finally, nothing in the record indicates that Petitioner did not understand any of the colloquy and, moreover, Petitioner told the court he only wanted an interpreter because even though he is from Texas and understands everything in English he sometimes has a hard time expressing himself. (Doc. 5, Attach. 10 at 5-6). Petitioner, therefore, has failed to demonstrate that the state habeas court's decision – that he was thoroughly informed about the "pros and cons" of a bench versus a jury trial – was "contrary to or involved an unreasonable application of, Supreme Court precedent or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see Berghuis*, 130 S. Ct. at 2259; *Johnson*, 615 F.3d at 1329. Accordingly, Petitioner is not entitled to federal habeas relief in connection with Grounds 3 and 4.

B.    Non-Reviewable Claims

Federal habeas review is generally barred for a claim that was procedurally defaulted in state court. As the Eleventh Circuit has explained,

16

> [p]ursuant to the doctrine of procedural default, a state prisoner
> seeking federal habeas corpus relief, who fails to raise his federal
> constitution[al] claim in state court, or who attempts to raise it in a
> manner not permitted by state procedural rules is barred from
> pursuing the same claim in federal court . . . .

*Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir. 1994) (citations omitted).  Thus,

a claim not previously raised in state court is procedurally defaulted when it is

clear that a state court would find that it is "barred by [state] law" from considering

the merits of the claim.  *Castille v. Peoples*, 489 U.S. 346, 351 (1989).  A claim

also is procedurally defaulted if it was presented in state court and rejected on the

independent and adequate state ground of procedural bar or default.  *See Coleman*

*v. Thompson*, 501 U.S. 722, 734-35 &n.1 (1991); *Caniff v. Moore*, 269 F.3d 1245,

1247 (11th Cir. 2001) ("This Court has held that where the state court correctly

applies a procedural default principle of state law, federal courts must abide by the

state court's decision.") (quotation marks omitted)).

Under Georgia law, a ground for relief that is not raised on direct appeal

generally cannot be asserted later in a state habeas petition unless the petitioner

shows cause and prejudice for the failure to raise the issue on direct appeal.  *Head*

*v. Ferrell*, 554 S.E.2d 155, 160 (Ga. 2001); *Gaither v. Gibby*, 475 S.E.2d 603, 604

(Ga. 1996).  Georgia law also requires a petitioner to raise ineffective assistance

17

of trial counsel claims at the "earliest practicable moment." *See Williams v. Moody*, 697 S.E.2d 199, 201-02 (Ga. 2010) (discussing obligation to raise ineffective assistance of trial counsel at the earliest practicable moment); *White v. Kelso*, 401 S.E.2d 733, 734 (Ga. 1991) ("New counsel must raise the ineffectiveness of previous counsel at the first possible stage of post-conviction review" – during a motion for new trial or, if newly appointed for appeal, on direct appeal – or such claims are waived and procedurally defaulted.).

A federal habeas petitioner can overcome a procedural bar if he demonstrates either (1) cause for the default and actual prejudice, or (2) a fundamental miscarriage of justice, *i.e.*, that unless the federal court reviews the defaulted claim, the petitioner will remain incarcerated despite his actual innocence. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Murray v. Carrier*, 477 U.S. 478, 488-89, 495-96 (1986); *Owen v. Secretary for Dep't of Corr.*, 568 F.3d 894, 908 (11th Cir. 2009). To establish cause, the petitioner must show that some objective factor external to the defense impeded his or counsel's efforts to comply with the state's procedural rule. *Murray*, 477 U.S. at 488. "To establish 'prejudice,' a petitioner must show that there is at least a reasonable probability that the result would have been different" had he presented his defaulted claim.

18

*Spencer v. Secretary, Dep't of Corr.*, 609 F.3d 1170, 1180 (11th Cir. 2010) (quotation marks and citations omitted).  To establish a fundamental miscarriage of justice, *i.e.*, "that constitutional error has caused the conviction of an innocent person," a petitioner must present "new, reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial," which demonstrates that "it is more likely than not that no reasonable juror would have convicted him" of the underlying offenses.  *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *Scarlett v. Secretary, Dep't of Corr.*, 404 F. App'x 394, 400 (11th Cir. 2010).  The actual innocence exception is "exceedingly narrow in scope," and the petitioner must demonstrate that he is factually innocent rather than legally innocent. *San Martin v. McNeil*, 633 F.3d 1257, 1267-68 (11th Cir. 2011) (quoting *Bousely v. United States*, 523 U.S. 614, 623 (1998)).

      C.    <u>Grounds 1(e) And 2 Are Procedurally Defaulted.</u>

          1.    <u>Ground 1(e)</u>

In Ground 1(e), Petitioner claims that appellate counsel was ineffective because counsel failed to "argue any grounds on sufficiency of the evidence." Petitioner, however, did not raise this precise issue of appellate counsel's

19

ineffectiveness in his state habeas proceedings and provides no reason why he could not have raised it there. Thus, the issue is procedurally defaulted. Petitioner has not demonstrated cause or prejudice, or that he is actually innocent in order to excuse the procedural default of this claim. Thus, this Court cannot review Ground 1(e) of the petition.

### 2.    Ground 2

Petitioner claims in Ground 2 that trial counsel was ineffective for failing to explain the pros and cons to Petitioner of the differences between a jury and a bench trial. The state habeas court expressly found that this claim was procedurally defaulted because Petitioner did not raise the issue of trial counsel's ineffectiveness on appeal, and that Petitioner had not demonstrated cause and prejudice to overcome the procedural default. (Doc. 5, Attach. 3 at 6-7). Since "the last reasoned opinion on the claim explicitly imposes a procedural default," these claims are procedurally barred. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991). Petitioner also has not demonstrated cause and prejudice or a miscarriage of justice in this Court to overcome the procedural default of his claims.[4]

---

[4] As discussed *infra* in Section II.2.b., to the extent that Petitioner attempts to argue that ineffective assistance of appellate counsel constituted cause for the procedural default of these claims, he has not established that appellate counsel

20

IV.   Conclusion

For the foregoing reasons,

**IT IS HEREBY RECOMMENDED** that the instant federal habeas petition [Doc. 1] be **DENIED** and that this action be **DISMISSED**.

**IT IS ORDERED** that Petitioner's motion to appoint counsel [Doc. 6] is **DENIED AS MOOT**.

V.   Certificate of Appealability ("COA")

According to Rule 11 of the Rules Governing Section 2254 Proceedings for the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a COA may issue "only if the applicant has made a

---

was ineffective. Moreover, the state habeas court obviously believed appellate counsel's testimony over Petitioner's that Petitioner told appellate counsel on several occasions – through an interpreter – that trial counsel did, in fact, explain the pros and cons of a jury and bench trial and that Petitioner had no problems with trial counsel. (*See* Doc. 5, Attach. 3 at 5). It is not for this Court to re-weigh the state habeas court's decisions as to credibility. *See Tibbs v. Florida*, 457 U.S. 31, 45 n.21 (1982) ("The trier of fact, not the appellate court, holds the 'responsibility . . . fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the basic facts to ultimate facts.'") (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *United States v. Simpson*, 228 F.3d 1294, 1299 (11th Cir. 2000) (". . . it is not for us on appeal to re-weigh the factfinder's credibility choices").

21

AO 72A
(Rev.8/82)

substantial showing of the denial of a constitutional right." A prisoner satisfies this standard by demonstrating that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is debatable. *Miller-El v. Cockrell,* 537 U.S. 322, 366 (2003)*; Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Petitioner has failed to make a substantial showing that reasonable jurists would find "debatable or wrong" the undersigned's determination that Petitioner's grounds for relief are without merit or procedurally barred.

Accordingly, **IT IS FURTHER RECOMMENDED** that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED AND ORDERED** this 27th day of May, 2014.

JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

22